CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

11/16/22
Laura A. Austin, CLERK
BY: s/ ELLA SURBER
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR TH
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| THOMAS SPENCER, | ) |
| | ) Case No.: 1:22CV41 |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) |
| PALWINDER SINGH, | ) |
| | ) JURY TRIAL DEMANDED |
| & | ) |
| | ) |
| NIRVAIR EXPRESS LLC | ) |
| DEFENDANTS. | ) |

## COMPLAINT

COMES NOW the Plaintiff, by counsel, and respectfully moves this Honorable Court for a judgment and award of execution against the Defendants in the amount of TWO MILLION AND NO/100 DOLLARS ($2,000,000.00), as compensatory damages, his costs expended, pre-judgment and post-judgment interest, and such other and further relief as this Court may deem appropriate; and in support thereof, states as follows:

### FACTS

1. The Plaintiff, Thomas Spencer, is a resident of the State of Kentucky.

2. The Defendants, Palwinder Singh and the company called Nirvair Express LLC, upon information and belief, are residents of the state of New Jersey.

3. The co-defendant Nirvair Express LLC is in the business of freight shipping and trucking and running a freight hauling business based out of Bordentown, New Jersey.

4. The above described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, in that it is a civil action between citizens

of different states, with diversity of citizenship between the opposing parties, wherein the matter in controversy exceeds the sum or value of Seventh-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs.

## NEGLIGENCE

5. All paragraphs above are incorporated as though fully set forth herein.

6. The occurrence complained of herein took place in the county of Smyth, Virginia.

7. Plaintiff, a resident of Pikeville, Kentucky, brings his Complaint for negligence seeking recovery for pain and suffering, lost earnings, physical injuries and medical expenses.

8. Defendant Palwinder Singh (hereafter "Singh"), at all times material herein, was a resident of Bordentown, New Jersey, who was operating a motor vehicle in the county of Smyth at the time Plaintiff suffered the injuries outlined herein.

9. Defendant Nirvair Express, LLC (hereafter "NE") at all times material herein, was a business formed in New Jersey, with a principal headquarters in Bordentown, New Jersey, which is believed to employ Defendant Singh who, at the time of the incident, was in the course of his employment with Nirvair, driving a truck southbound on Interstate I-81 in Smyth County, Virginia.

10. Defendant Singh, at all times material herein, was acting as an agent and/or employee of NE, making NE responsible to Plaintiff under respondent superior, for his negligent operation of the truck, as more fully set forth herein.

11. On or about January 13, 2022, Plaintiff was a passenger in a motor vehicle lawfully traveling south bound on I-81 in Smyth County Virginia, when Defendant Singh, who was operating his tractor trailer south bound also, made an unsafe lane change into Plaintiff's

lane of travel, striking and violently colliding with Plaintiff's vehicle and causing Plaintiff's vehicle to lose control and spin out of control before it came to rest along the I-81.

12. That at the time and place aforesaid, it was the duty of Defendant Singh to operate his vehicle with reasonable care and with due regard for others using the road.

13. Notwithstanding said duties, Defendant Singh, and Defendant NE, by virtue of respondeat superior, carelessly, recklessly, and negligently operated his vehicle with a conscious disregard for others so that it forcefully and violently collided with the automobile that Plaintiff was a passenger in. Defendant Singh was negligent in that he:

(a) Failed to keep a proper lookout and failed to maintain control of his vehicle/unit;

(b) Failed to ascertain whether he could change lanes safely, failed to keep a proper lookout using his rear and side view mirrors, and entered Plaintiff's vehicle's lane of travel causing a collision due to his unsafe lane change;

(c) Failed to give full time and attention to the operation of the vehicle he was driving; and

(d) Failed to yield the right of way, making an unsafe lane change into Plaintiff's lane of travel and collided with the vehicle occupied by the Plaintiff.

14. As a direct and proximate result of co-Defendants' negligence, Plaintiff suffered severe injuries and damages and received medical treatment relating to his injuries.

15. As a direct and proximate result of co-Defendants' negligence, Plaintiff has and may incur past and future lost earnings and lost earning capacity, caused transitory and permanent physical injuries, caused Plaintiff to incur medical treatment and incur medical

expenses both past and future, has suffered pain and suffering, psychological injuries and intangible losses.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in the amount of Two Million Dollars ($2,000,000.00), together with pre-judgment interest allowable by Virginia law, computed from January 13, 2022, the costs of this proceeding, as well as such other and further relief as may be appropriate under the circumstances.

Trial by jury is hereby requested.

                                                  THOMAS SPENCER

                                                  By: /s/Richard N. Shapiro
                                                  Richard N. Shapiro, Esq.
                                                  VSB No.24324
                                                  Shapiro Washburn & Sharp, P.C.
                                                  4705 Columbus Street, #304
                                                  Virginia Beach, VA 23462
                                                  757-460-7776 (telephone)
                                                  757-460-3428 (facsimile)
                                                  rshapiro@hsinjurylaw.com